**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION, 611 Pennsylvania Ave., SE #231 Washington, D.C. 20003 *Plaintiff,* v. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES 200 Independence Ave., SW Washington, D.C. 20201 *Defendant.* | Civil Action No.: 24-1270 |

# COMPLAINT

1. The House Select Subcommittee on the Coronavirus Pandemic ("the Subcommittee") revealed that Dr. David Morens, Senior Scientific Advisor at the National Institute of Allergy and Infectious Diseases ("NIAID"), routinely routed official communications through his personal Gmail account to avoid the transparency guaranteed under the Freedom of Information Act ("FOIA"). *See* Letter from Rep. Brad Wenstrup, Chairman, H. Select Subcomm. on the Coronavirus Pandemic, to Dr. David Morens, Senior Sci. Advisor, NIAID (June 29, 2023) (available at https://bit.ly/44tRsWS); Ex. 1.

2. In an email released by the Subcommittee, Dr. Morens admitted to using a personal Gmail account with the specific intent of preventing the public from

gaining access to his emails through FOIA. *Id.* at 2 ("I always try to communicate over gmail [sic] because my NIH email is FOIA'd constantly.").

3. His other emails have suggested that his former boss, Dr. Anthony Fauci, wished to influence the COVID-19 origins narrative without his "fingerprints." *Id.* at 1.

4. The National Institutes of Health ("NIH") had refused to share its internal investigation findings into this potential federal records violation and stonewalled the Subcommittee's investigation. *See* Press Release, *Wenstrup Announces Subpoena After NIH Stonewalls Investigation into Likely Federal Records Violation by Dr. Fauci's Advisor*, H. COMM. ON OVERSIGHT & ACCOUNTABILITY (Oct. 13, 2023), https://bit.ly/4djrf2y.

5. The Subcommittee recently uncovered documents showing that Dr. Morens used his personal email to communicate with EcoHealth Alliance regarding official responses to the "lab leak theory" of COVID-19's origins. *See* Press Release, *Wenstrup Announces Subpoena for Top Fauci Advisor After Whistleblower Allegations are Confirmed*, H. COMM. ON OVERSIGHT & ACCOUNTABILITY (Apr. 16, 2024), https://bit.ly/3QauHCw ("David – We'll communicate with you via gmail **from now on**," quoting an email from Peter Dazsac to Dr. Morens) (emphasis added).

6. On April 30, 2024, the Subcommittee subpoenaed Dr. Morens for documents and communications regarding the Wuhan Institute of Virology, EcoHealth Alliance, or the origins of COVID-19 that are in his possession, custody, and control. Ex. 2.

7. While Dr. Morens may have intended to place his emails beyond the reach of the FOIA, he has failed to do so. *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 827 F.3d 145, 146 (D.C. Cir. 2016) ("an agency cannot shield its records from search or disclosure under FOIA by the expedient of storing them in a private email account").

8. Accordingly, America First Legal Foundation ("AFL") brings this action against the United States Department of Health and Human Services ("HHS") pursuant to the Freedom of Information Act, 5 U.S.C. § 552, to uncover the records that Dr. Morens concealed from the American public by using his personal Gmail account.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

10. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

11. The Plaintiff, AFL, is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting

government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public.

12. The Defendant HHS is an agency under 5 U.S.C. § 552(f), with its headquarters at 200 Independence Ave. SW, Washington, D.C. 20201.

13. The NIH is a component operating division within HHS.

14. The NIAID is a component institute within NIH.

15. The Defendant HHS has possession, custody, and control of the requested records.

## AFL'S FOIA REQUEST

16. On July 27, 2023, AFL submitted a FOIA request to the NIH seeking any emails Dr. Morens sent or received through non-governmental email accounts in connection with his official government duties. Ex. 3.

17. The request specified custodians and sought a fee waiver. *Id.*

18. On July 27, 2023, AFL received an email from the NIH acknowledging the request. Ex. 4.

19. That email assigned AFL's request tracking number 60467. *Id.*

20. On March 21, 2024, AFL emailed the NIH to request an update on the processing of its July 27, 2023 FOIA request. Ex. 5.

21. On March 22, 2024, the NIH responded and stated, "Your request is being processed. We estimate another 4-6 months to complete." *Id.*

22. As of the date of this filing, the Defendant has not released any responsive records under this request.

23. "[A]n agency always acts through its employees and officials. If one of them possesses what would otherwise be agency records, the records do not lose their agency character just because the official who possesses them takes them out the door." *Competitive Enter. Inst.*, 827 F.3d at 149 (emphasis added).

24. This is true even when agency officials use their personal email accounts. *Id.* at 146 ("an agency cannot shield its records from search or disclosure under FOIA by the expedient of storing them in a private email account"). The question of whether emails contained in a personal email account can fall within the scope of the FOIA has long been settled. *See, e.g., Cause of Action Inst. v. Nat'l Oceanic & Atmospheric Admin.*, No. CV 19-1927 (TSC), 2023 WL 3619345, at *4 (D.D.C. May 24, 2023) ("the use of personal email accounts [does not alter] the conclusion that the members were acting 'on behalf of' [the agency] in creating the [requested] correspondence."); *Democracy Forward Found. v. United States Dep't of Com.*, 474 F. Supp. 3d 69, 74 (D.D.C. 2020) ("This Circuit has made clear that 'agency records'—even those stored on a personal email account—are subject to FOIA.") (citing *Competitive Enter. Inst.*, 827 F.3d at 149); *Landmark Legal Found. v. E.P.A.*, 959 F. Supp. 2d 175, 181–83 (D.D.C. 2013).

25. Moreover, the Defendant has the authority—and the obligation—to retrieve official records unlawfully removed from official custody. 44 U.S.C. § 3106(a).

26. Section 3106(a) and the implementing regulations codified at 36 CFR § 1230 ensure that alienated or improperly disposed of records remain accessible to an agency if they are requested under the FOIA.

## CLAIM FOR RELIEF

### Violation of the FOIA, 5 U.S.C. § 552

27. AFL incorporates paragraphs 1–26 by reference.

28. AFL properly requested records within the possession, custody, and control of the Defendant.

29. The Defendant failed to conduct searches for responsive records—including agency records stored on non-governmental email accounts.

30. Moreover, because Defendant failed to conduct searches, it has failed to disclose any segregable, non-exempt portions of responsive records. *See* 5 U.S.C. § 552(b).

31. The Defendant has failed to respond to AFL's requests within the statutory time period. *See* 5 U.S.C. § 552(a)(6).

32. Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

33. The Defendant has violated the FOIA by failing, within the prescribed time limit, to reasonably search for records responsive to AFL's FOIA request and release nonexempt records.

## PRAYER FOR RELIEF

WHEREFORE, AFL respectfully requests that this Court:

i.  Declare that the records sought by AFL's request must be disclosed pursuant to 5 U.S.C. § 552;

ii.  Order the Defendant to search immediately—including agency records stored on non-governmental email accounts—demonstrating search methods reasonably likely to lead to the discovery of responsive records;

iii.  Order the Defendant to produce by a date certain all non-exempt records responsive to AFL's FOIA request, accompanied by a Vaughn index of any responsive records or portions of responsive records being withheld under a claim of exemption;

iv.  Order the Defendant to grant AFL's request for a fee waiver;

v.  Award AFL attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

vi.  Grant AFL such other and further relief as this Court deems proper.

Date: April 30, 2024

Respectfully Submitted

/s/ Jacob Meckler
Jacob Meckler (D.C. Bar No. 90005210)
Tel: (202) 964-3721
E-mail: Jacob.meckler@aflegal.org
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue SE #231
Washington, D.C. 20003
*Counsel for the Plaintiff*
*America First Legal Foundation*